STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT
                                                PERSONAL INJURY

John Roemer,

                Court File No._____

      Plaintiff,

vs.                                        SUMMONS

Korol Vladislav,
Anatoliy Smolin and
Precision Truck Lines, Inc.,

      Defendants.

This summons is directed to Korol Vladislav, Anatoliy Smolin and Precision Truck Lines, Inc.

1. YOU ARE BEING SUED. The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR RIGHTS. You must give or mail to the person who signed this summons a written response called an Answer within 20 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at 1000 Twelve Oaks Center Drive, Ste. 101, Wayzata, MN 55391.

3. YOU MUST RESPOND TO EACH CLAIM. The Answer is your written response to the Plaintiff's Amended Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Amended Complaint. If you believe the Plaintiff

1



should not be given everything asked for in the Amended Complaint, you must say so in your Answer.

4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE AMENDED COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS. If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If your do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can than be entered against you for the relief requested in the complaint.

5. LEGAL ASSISTANCE. You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.

6. ALTERNATIVE DISPUTE RESOLUTION. The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

HUNEGS, LeNEAVE & KVAS, P.A.

Dated: January 28, 2019

/s/ Thomas W. Fuller
Cortney S. LeNeave, MN ID 018424X
Thomas W. Fuller, MN ID 0394778
Attorneys for Plaintiff
1000 Twelve Oaks Center Drive, Suite 101
Wayzata, Minnesota 55391
(612) 339-4511
(612) 339-5150 Fax
cleneave@hlklaw.com
tfuller@hlklaw.com

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT<br>PERSONAL INJURY |

John Roemer,

              Plaintiff,

vs.

Korol Vladislav,
Anatoliy Smolin and
Precision Truck Lines, Inc.,

              Defendants.

Court File No._____

**COMPLAINT**
**JURY TRIAL DEMANDED**

Plaintiff, John Roemer, for his Complaint against Defendants, alleges as follows:

## INTRODUCTION

1. Plaintiff John Roemer seeks compensation from Defendants for all injuries, harms and losses he sustained as a result of Defendants' negligence. The injuries, harms and losses suffered by Plaintiff include, but are not limited to, a right shoulder injury and a traumatic brain injury with associated psychological disorder including post-traumatic neurovascular headaches, cognitive disorder, personality changes, sleep disorder anxiety and convergence insufficiency.

## PARTIES

2. Plaintiff John Roemer ("Roemer") is a Minnesota resident residing in Carver, Minnesota.

3. Defendant Korol Vladislav's ("Vladislav") residence is unknown and was employed as a semi operator by Defendant Anatoliy Smolin and Defendant Precision Truck Lines, Inc.

4. Defendant Anatoliy Smolin ("Smolin"), at all times relevant, was a resident of California and was owner of a 2008 International semi-truck.

5. Defendant Precision Truck Lines, Inc., ("Precision"), at all times relevant, is a Canadian

trucking company engaged as a common carrier in interstate commerce including in the State of Minnesota.

6. Vladislav, at all times relevant, was employed and hired by Defendants as a driver of the involved commercial motor vehicle, a 2008 International semi-truck, owned by Smolin.

7. Upon information and belief, Vladislav was hired and directed by Defendants Smolin and Precision to transport freight in interstate commerce, including Minnesota, subject to various laws and/or regulations as well as contract carrier agreements and/or broker agreements and/or lease agreements between Defendants Smolin and Precision Truck Lines.

8. By virtue of the terms of their agreement, both Vladislav and Smolin were employed by and agents of Precision at the time of the collision.

**STATEMENT OF FACTS**

9. Defendants Smolin and Precision, at all times relevant, controlled the manner and methods of how Korol Vladislav performed the work of freight transportation.

10. On March 24, 2016, Roemer was operating a motor vehicle, stopped in traffic on Interstate 35W, Hennepin County, Minnesota.

11. At said place and time, Vladislav was operating a semi-truck at the direction and control of Defendants in a negligent and careless manner causing multi-vehicle collisions to occur.

12. These careless and negligent actions are believed to have violated federal and state laws and regulations among other laws.

13. As a result of said collisions, Roemer suffered serious injuries including but not limited to a right shoulder injury and a traumatic brain injury with associated psychological disorder including post-traumatic neurovascular headaches, cognitive disorder, personality changes, sleep disorder anxiety and convergence insufficiency.

14. Smolin, at all relevant times, controlled the manner and method of how Vladislav performed the work of transporting freight and/or operating the semi-truck.

15. Precision, at all relevant times, controlled the manner and methods of how Smolin and Vladislav performed the work of transporting freight and/or operating the semi-truck.

### COUNT I - NEGLIGENCE
### (VLADISLAV)

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 15 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

16. Vladislav has a duty to act reasonably and to use due care while operating his semi-truck. This duty included maintaining a proper lookout, obeying state and federal laws and regulations, maintaining proper speed, and controlling his vehicle in a manner to avoid a collision.

17. Vladislav breached these duties by failing, among other omissions, to use due care while driving the semi-truck, failing to maintain a proper lookout, failing to operate his vehicle in a reasonable and prudent manner under the conditions and failing to obey all the applicable laws, rules and regulations to control his vehicle and avoid a collision.

18. As a direct and proximate result of Vladislav's negligence, Roemer suffered serious injuries and damages including but not limited to a right shoulder injury and a traumatic brain injury with associated psychological disorder including post-traumatic neurovascular headaches, cognitive disorder, personality changes, sleep disorder anxiety and convergence insufficiency.

### COUNT II – NEGLIGENCE PER SE
### (VLADISLAV)

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 18 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

19. The careless and negligent actions of Vladislav was a violation of Minnesota and federal

laws and regulations and therefore constitutes negligence per se.

20. As a direct and proximate result of Vladislav's negligence per se, Roemer suffered serious injuries and damages including but not limited to a right shoulder injury and a traumatic brain injury with associated psychological disorder including post-traumatic neurovascular headaches, cognitive disorder, personality changes, sleep disorder anxiety and convergence insufficiency.

## COUNT III – AGENCY
## (SMOLIN)

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 20 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

21. Vladislav, at all times relevant, was an agent or employee of Smolin and acting within the scope of his employment or agency at the time of the aforementioned incident.

22. Smolin, at all times relevant, controlled or had the right to control the performance of Vladislav's duties.

23. The aforementioned acts of Vladislav occurred while in the scope of their employment or agency and while furthering the business interests of Smolin.

24. As principal for Vladislav, Smolin is responsible for all the acts committed by Vladislav while in the scope of their employment or agency.

25. Vladislsav's negligence, which is imputed to Smolin, consisted of, among other things, failing to act reasonably and to use due care while driving the semi-truck, failing to maintain a proper lookout, failing to operate his vehicle in a reasonable and prudent manner under the conditions and failing to obey all the applicable laws, rules and regulations to control his vehicle and avoid a collision.

26. As principal for Vladislav, Smolin is responsible for all the acts of Vladislav, who

operated his semi-truck in a negligent and careless manner while in the scope of their employment or agency, which resulted in Roemer's injuries and damages.

### COUNT IV – NEGLIGENT ENTRUSTMENT
### (SMOLIN)

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 26 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

27. The injuries, harm, and damages were incurred by Roemer as a result of the use of the semi-truck and trailer by Vladislav in a negligent and careless manner. At the time he assigned Vladislav the job, Smolin knew Vladislav's job task involved a grave risk of harm to others and was an ultra-hazardous activity.

28. Smolin, as an employer or principal of Vladislav, has the right to permit and the power to prohibit the use of the semi-truck and trailer by Vladislav.

29. Smolin knew, or had reason to know, that Vladislav, because of inexperience and past conduct, was likely to drive his semi-truck in a negligent and careless manner.

30. Upon information and belief, Smolin did not possess the proper permits and/or qualifications to transport and operate the semi-truck including any ultra-hazardous materials.

31. As a direct and proximate result of Smolin negligently entrusting Vladislav to transport his semi-truck including any ultra-hazardous materials, who operated a semi-truck owned by Smolin in a negligent and careless manner, Roemer, without any contributory negligence, suffered serious injuries and damages.

### COUNT V – NEGLIGENT HIRING AND RETENTION
### (SMOLIN)

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 31 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

32. Smolin had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Smolin owed such a duty to Roemer and breached that duty.

33. Smolin, knew, or should have known, that Vladislav would be likely to operate a semi-truck in a negligent and reckless manner.

34. Smolin knew, or should have known, that Vladislav was not competent or fit for the duties required of him as an employee. Smolin breached its duty to use reasonable care to select, train, and retain an employee that was competent and fit for the position.

35. Upon information and belief, Smolin did not possess the proper permits and/or qualifications issued by the Federal Motor Carrier Safety Administration or otherwise have the proper permits and/or qualifications to transport and operate the semi-truck including any ultra-hazardous materials.

36. As a direct and proximate result of Smolin's negligence in hiring, training, and retaining Vladislav, who operated a semi-truck owned by Smolin in a negligent and careless manner, Roemer, without any contributory negligence, suffered serious injuries and damages.

### COUNT VI – AGENCY
### (PRECISION)

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 36 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

37. The above-described acts of Vladislav and Smolin were committed while acting as employees and/or agents of Precision.

38. The above-described acts of Vladislav and Smolin were committed while in the scope of their employment and/or agency and while furthering the business interests of Precision.

39. Precision, at all times material, had control, or had the right to control, the duties

performed by Smolin and Vladislav.

40. The aforementioned acts of Vladislav and Smolin occurred while in the scope of their employment or agency and while furthering the business interests of Precision.

41. Vladislsav and Smolin's negligence, which is imputed to Precision, consisted of, among other things, failing to act reasonably and to use due care while driving the semi-truck, failing to maintain a proper lookout, failing to operate his vehicle in a reasonable and prudent manner under the conditions and failing to obey all the applicable laws, rules and regulations to control his vehicle and avoid a collision.

42. Precision also failed to properly and safely supervise Vladislav and Smolin.

43. As principal for Vladislav and Smolin, Precision is responsible for all the acts committed by Vladislav and Smolin while in the scope of their employment/agency, including the collision that caused Roemer's injuries and damages.

## COUNT VII – VICARIOUS LIABILITY
## (PRECISION)

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 43 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

44. Precision is also vicariously liable for the negligence of Vladislav and Smolin based upon its employment and/or agency relationship with Vladislav and Smolin.

45. Under Restatement (Second) of Torts § 416 (1965), as recognized by the Minnesota Supreme Court in *Conover v. N States Power Co.*, 313 N.W.2d 397, 403 (Minn. 1981), Precision is vicariously liable for the conduct of Vladislav and Smolin, which caused serious injuries and damages to Roemer since the acts involved on public highways is considered dangerous work in absence of special precautions.

46. Under the Restatement (Second) of Torts § 416 (1965), as recognized by the Minnesota

Supreme Court in *Conover v. N States Power Co.*, 313 N.W.2d 397, 403 (Minn. 1981), Precision is vicariously liable for the conduct of Vladislav and Smolin, which caused serious injuries and damages to Roemer since the acts involved on public highways is work in a public place which, unless carefully done, involves a risk of making the physical condition of the place dangerous for the use of members of the public.

47. For the above-state reasons, among others, Precision is vicariously liable for the negligence conduct of Vladislav and Smolin that resulted in Roemer's injuries and damages.

## COUNT VIII – NEGLIGENT ENTRUSTMENT
## (PRECSION)

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 48 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

48. Precision hired, by and through a contract carrier agreement and/or broker agreement and/or lease agreement, Smolin and/or Vladislav to transport materials on its behalf. Smolin and/or Vladislav were hired, and agreements were subsequently generated. Precision, a sophisticated motor carrier broker and/or freight forwarding company, was aware, or should have been aware that Smolin and/or Vladislav may not have had the requisite Federal Motor Carrier Safety Administration rating, had limited experience as a motor carrier, and/or was otherwise unsuited and unfit to operate safely as required by the Federal Motor Carrier Safety Administration.

49. Upon information and belief, neither Smolin nor Vladislav possessed all appropriate permits required and issued by the Federal Motor Carrier Safety Administration or otherwise failed to have the proper permits and/or qualifications to engage in the involved acts/transmissions.

50. Precision had a duty exercise ordinary care not to hire or retain a trucking company that it

knew, or should have known, posed a risk of harm to others and which was otherwise not competent or fit to perform the duties of an interstate commerce carrier.

51.   Precision, as the employer of Smolin and/or Vladislav, had the right to permit and the power to prohibit the use of the semi-truck and trailer by Smolin and/or Vladislav.

52.   Precision knew, or had reason to know, that Smolin and/or Vladislav, because of inexperience and past conduct, was likely to operate in a negligent and careless manner.

53.   As a direct and proximate result of Precision negligently entrusting Smolin and/or Vladislav to transport goods on public highways, Roemer, without any contributory negligence, suffered serious injuries and damages.

### COUNT IX – NEGLIGENT HIRING AND RETENTION
### (DEFENDANTS SMOLIN AND PRECSION)

Plaintiff re-alleges all allegations contained in Paragraphs 1 through 54 and incorporates the paragraphs by reference as though fully set forth and further states and alleges:

54.   Precision hired, by and through a contract carrier agreement and/or broker agreement and/or lease agreement, Smolin and/or Vladislav to transport goods on its behalf. Smolin and/or Vladislav was hired, and agreements were subsequently generated. Precision, a sophisticated motor carrier broker and/or freight forwarding company, was aware, or should have been aware that Smolin and/or Vladislav may not have had the requisite Federal Motor Carrier Safety Administration rating, had limited experience as a motor carrier, and/or was otherwise unsuited and unfit to operate safely as required by the Federal Motor Carrier Safety Administration.

55.   Upon information and belief, neither Smolin nor Vladislav possessed all appropriate permits required and issued by the Federal Motor Carrier Safety Administration or otherwise failed to have the proper permits and/or qualifications to engage in the involved acts/transmissions.

56. Precision had a duty to exercise ordinary care not to hire or retain a trucking company that it knew, or should have known, posed a risk of harm to others and which was otherwise not competent or fit to perform the duties of an interstate commerce carrier.

57. As a direct result of Precision's negligence in hiring and retaining Smolin and/or Vladislav, Roemer, without any contributory negligence, suffered serious injuries and damages.

**WHEREFORE**, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, and each of them, Roemer has been hurt and injured in body and person; has suffered pain in the past and will suffer pain in the future; has incurred expenses for medical attention and hospitalization and will incur like expenses in the future; has suffered loss of earnings and impairment of future earning capacity; has suffered permanent injury and disability, cognitive disabilities, memory loss, vision impairment and depression all to his injury and damage.

**WHEREFORE**, Plaintiff demands judgment against the Defendants for the recovery of reasonable damages in excess of Fifty Thousand 00/100 DOLLARS ($50,000.00), jointly and severally, together with costs and disbursements, interest, attorney's fees incurred herein, and such other relief as the court may deem appropriate and just.

HUNEGS, LeNEAVE & KVAS, P.A.

Dated: January 28, 2019        /s/ Thomas W. Fuller
                               Cortney S. LeNeave, MN ID 018424X
                               Thomas W. Fuller, MN ID 0394778
                               Attorneys for Plaintiff
                               1000 Twelve Oaks Center Drive, Suite 101
                               Wayzata, Minnesota 55391
                               Phone: (612) 339-4511
                               cleneave@hlklaw.com
                               tfuller@hlklaw.com

 

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. 549.211, Subd. 2, to the party against whom the allegations in these pleadings are asserted.

Dated: January 28, 2019        /s/ Thomas W. Fuller